### ADOPLY ENDRICK *v.* PETER KARLIN.

**Bill of Sale—Record.**

    A bill of sale is not required to be recorded and if it is recorded is not notice to the public.

**Lien.**

    The lien retained in a bill of sale is good as between the vendor and vendee and the equity will be protected against the claim of any person not possessing a superior right.

**Rights of Creditor.**

    The creditor of one who has executed a bill of sale to another, becoming such creditor after its execution, is of no greater dignity than that of the holder of the bill of sale and is inferior in point of time, and where such creditor has actual notice of the senior equity, his claim is postponed to that of the holder of the bill.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

. December 5, 1876.

OPINION BY JUDGE LINDSAY:

Whilst there is no statute requiring or authorizing the recording of a bill of sale of personal property, and whilst the law will not imply notice upon the part of either a purchaser or creditor by reason of such recording of any lien that may be retained to secure the vendor in the payment of the purchase price, yet it seems that actual notice of appellee's lien had been brought to the appellant before the enforcement of his execution levy.

The lien retained in the bill of sale is good as between the appellee and his debtor. It is an equity that will be protected by the chancellor against the claim of any person who does not possess a superior right. Appellant's debt was not contracted on the faith of the personal property in contest. It was sold by appellee to the common debtor long after appellant's debt was created. The sleeping or secret equity cannot, therefore, operate as an actual fraud upon his

rights. His claim arises out of the levy of his execution. It is of no greater dignity than that of the appellee, and it is inferior in point of time. He had actual notice of the senior equity, and according to the doctrines of the cases of *Halley v. Oldham, et al.,* 5 B. Mon. 233; *Righter, et al., v. Forrester, et al.,* 1 Bush 278, and *Low & Whitney v. Blinco, et al.,* 10 Bush 335, he ought not to be allowed to proceed to sell the property under his execution levy.

This conclusion obviates the necessity of considering the proof touching the execution of the alleged mortgage.

Judgment *affirmed.*

*James Harrison, for appellant.*
*P. A. Gaertner, L. M. Dembitz, for appellee.*