## R. Hoe & Co. *v.* A. D. Bullock, et al.

[Abstract Kentucky Law Reporter, Vol. 1—313.]

**Validity of Lien.**

> A lien good between the parties is good against purchasers from or creditors of the person creating the lien, where they have notice of it before they have acquired a legal right to the thing in lien or its proceeds.

**Rights of Mortgagee of Personalty.**

> Before a mortgagee of personal property can be adjudged to have priority over another lienholder he must show that his mortgage embraces the property upon which the other lienholder holds a claim.

### APPEAL FROM KENTON CHANCERY COURT.

October 2, 1880.

Opinion by Judge Cofer:

The only questions of difficulty or importance arising on the record grow out of the conflicting claims of Hoe & Co. and Bullock to the Hoe Press. We decided in *Greer v. Church,* 13 Bush 430, that a contract, very similar to the contract between Hoe & Co. and W. B. Jones, was a sale, and that, whatever might be the rights of the seller as against the purchaser, a sub-purchaser who bought without notice of the terms of the contract, would not be affected by it; and we adhere to that ruling, and need not repeat nor add to the reasons given for that conclusion.

But we intimated in that case, and in *Vaughn v. Hopson,* 10 Bush 337, that, as between the parties, the seller would have a lien for the unpaid purchase-money. It must now be regarded as the settled law of this state that a lien good between the parties is good against purchasers from or creditors of the person creating the lien, if they have notice of it before they have acquired a legal right to the thing in lien or its proceeds. It was held in *Righter v. Forrester,* 1 Bush 278, after full argument and a review of the former decisions of the court, that the holder of an unrecorded mortgage, notice of which was brought to an execution creditor and the purchaser at a sale under the execution, by recording the mortgage after the levy and before the sale, had an equity superior to the right of such purchaser. In *Low v. Blinco,* 10 Bush 331, the authorities were again reviewed, and the doctrine in Righter v. For-

rester approved and followed, and the same rule was announced in the more recent case of Barney v. Cox, Mss. Opin.

The particular form in which a lien is created is not material. The transaction between Hoe & Co. and W. B. Jones created a lien valid against Jones; and as notice of it has been brought to all the creditors of Jones before any of them have perfected their right to the press or its proceeds, the equity of Hoe & Co. is superior to that of any other creditor, unless the press was embraced in the mortgage to Bullock. His mortgage has been regularly recorded, and he thus acquired a legal right. Being supported by the legal title, his junior equity, if it attached to the property in contest, is superior to the prior equity of Hoe & Co.

At the time the mortgage was executed, there were three printing presses on the premises belonging to Jones. The mortgage conveyed the following described personal estate, to wit: "Printing press, machinery, stock in trade, store fixtures, and all the material pertaining to the printing and stationery business, located in tenement No. 402, Scott street, on the southeast corner of the said Scott street and Fourth street, and carried on by the said Jones."

This language does not include more than one printing press, and the parol evidence, whether competent or not, fails to prove affirmatively that the press in contest was included in the mortgage. Hoe & Co. have the prior equity. There is no doubt that they have a lien. Bullock seeks to overreach that lien, with his junior mortgage, and before he can do so he must show that the mortgage embraces the press purchased of Hoe & Co., and having failed to do so his claim to priority must fail. An ingenious argument is made to show from circumstances that the Hoe press was intended to be mortgaged. The mortgage was signed in the house where the press was situated, and Bullock had it in his power to remove all ground for doubt or uncertainty; and, having neglected to do so, he has no right to ask this court to speculate as to the intention of the mortgage at the expense of Hoe & Co., whose lien is beyond dispute. One who had it in his power to make a matter plain and unmistakable, and neglects to do so, should suffer rather than one about whose right there exists no doubt.

We are therefore of the opinion that the court erred in not adjudging that Hoe & Co. should be first paid out of the proceeds of the press purchased from them. Judgment reversed and cause re-

manded for further proper proceedings not inconsistent with this opinion.

*Fisk & Fisk, A. A. Ferris, for appellants.*
*Benton & Benton, for appellees.*