C. H. THOMAS, ET AL. v. H. W. SMITH, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—737.]

**Rights Under an Unrecorded Deed.**

> The statute requires that a deed of conveyance of real estate shall be recorded in the county where the land is, but although an unrecorded deed is invalid as a legal conveyance, still it is evidence of a purchase for a valuable consideration, and therefore evidence of an equity of as high grade as a title bond.

**Comparative Equities.**

> In a contest between mere equities the senior equity must prevail over the junior equity.

## APPEAL FROM BALLARD CIRCUIT COURT.

April 22, 1885.

OPINION BY JUDGE LEWIS:

This is an appeal by the Administrator, widow and heirs and some of the creditors of W. H. Perham, deceased, from a judgment rendered in the action to settle his estate as provided in Chap. 3, Title 10, Civil Code.

The errors complained of by the different appellants whose interest to some extent conflict are numerous and all blended in the assignment.

But the principal controversy is in regard to a tract of land claimed by the widow and children which, or enough of it, was directed by the judgment appealed from to be sold to pay the demands therein mentioned.

March 16, 1870, the decedent conveyed the land being about 350 acres, to his wife and eight children, three of them by his first wife and the others by appellant for the consideration as recited in the deed of one dollar paid and his natural love and affection for them.

The deed was duly acknowledged by him before the clerk of the Ballard County Court, but by evident mistake on the part of the clerk was recorded in his office instead of being sent to the proper office in McCracken County, where the land is situated and there recorded.

It is neither alleged nor proved that the deed was made with the

intent to delay, hinder or defraud the creditors of the grantor, but the claim of the widow and children of the deceased to the land is resisted upon the grounds, first, that the conveyance was voluntary and without consideration, and second that it has never been recorded in the proper office required by law.

It is alleged on the part of appellants, the widow and children, as has been held by this court may be done, also, proved that the whole consideration for the conveyance is not stated in the deed. They show that there was a valuable consideration which was created as follows: Sometime before the deed was executed, appellant, the widow, commenced an action against the husband, the deceased, for divorce and alimony, in which it was alleged by her that in addition to considerable amounts of money and property belonging to her, which he received, he was about to collect and appropriate a balance of about $1,500 of the purchase price of her land which had been sold. She obtained an attachment against him, and also sought to restrain him from collecting the $1,500. It was in consideration of her dismissing that action, which was a valuable one, that the deed was executed by him. Sec. 9, Chap. 24, Revised Statutes, in force when the deed was made as follows: "No deed conveying any title to an interest in land for a longer time than five years, nor any agreement in consideration of marriage shall be good against a purchaser for a valuable consideration not having legal notice thereof or any creditor unless the same be acknowledged by the party who shall execute the same, or proved and lodged for record in the proper office as provided by law."

The deed in this case never having been lodged for record in the office where the law requires it to be recorded, the question arises whether it can be made available in this action against the general creditors of the husband, and the decision of that question depends upon the construction to be given the statute quoted.

The construction heretofore adopted by this court has not been uniform, but it was held in the case of *Martin v. Robards, et al.,* 4 Dana 250, when the authorities bearing on the subject fully examined, that although an unrecorded deed is invalid under the statute as a legal conveyance, yet it is evidence of a purchase for a valuable consideration, and therefore evidence of an equity of as high grade as a title bond.

As the conclusion arrived at in that case has been approved in the

recent cases of *Richter v. Forrister,* 1 Bush 278, and *Low & Whitney v. Blinco &c.,* 10 Bush 331, we think it should be adhered to in this.

The contest in two of the cases referred to was between the vendee of an unrecorded deed, and the purchaser at an execution sale, and in the other the contest was between a mortgagee and an unrecorded mortgage and such purchaser. And in all the cases the general proposition that in a contest between mere equities the senior equity must prevail over the junior is made to apply and control in the determination of the rights of the parties. But it is said that the junior equity coupled with the legal title fairly acquired without notice will prevail over the senior equity, and this is the only advantage which the general creditor may acquire under the recording statutes, namely, the privilege of arming himself with the legal title, and with all the legal, as well as equitable advantages which it may afford him in a contest with the prior equity. In this case the creditors have merely a junior equity and having not armed themselves with the legal title but being met at the threshold with notice of the senior equity of the vendees of the unrecorded deed, the latter according to authorities referred to, which we have re-examined and reconsidered, must prevail. For it seems to have been held in each of these cases that notice of the senior equity at any time before the acquisition of the legal title is sufficient in a contest with a purchaser to defeat the title then acquired by him, it must necessarily follow that when the contest is between a purchaser for a valuable consideration, having an unrecorded deed, and a creditor of the vendor, notice at any time before it is rendered is sufficient to prevent a judgment for the sale of the land.

No notice in this case was required previous to the commencement of the action, and it being shown that the deed to appellants was made in good faith for a valuable consideration, the land was not subject to the satisfaction of the debts of any of the creditors of the decedent, and the court erred in rendering judgment for the sale of it or any part of it to pay the debts against his estate.

It seems that subsequent to the execution of the deed and before his death Parham rented the land to Collier and took his notes therefor which became due after his death. The same rule must be applied to these notes that is applicable to the land, none of them being liable for debts against his estate.

Many of the errors assigned involve the question as to the owner-ship of the land just determined and need not be considered, and many others affect parties to the record not made parties to this appeal and can not be considered.

Some other errors are assigned by the administrator, but, except the one relating to the amount of compensation allowed to him in which we see no reason to believe was too small, they are such as yet may be corrected by the court if they exist, or do not necessarily prejudice the administrator.

The costs were properly directed to be paid by the administrator out of the estate, except the costs in the litigation as to the land claimed by the widow and children under their unrecorded deed.

This is substituted for the opinion heretofore delivered in this case 5 Ky. L. 768, and so much of the judgment as subjects the land claimed by the widow and children, appellants, to the payment of debts against the estate is reversed and cause remanded for further proceedings.

Judgment *reversed.*

C. H. Thomas, J. D. White, C. S. Marshall, for appellants.

J. & J. W. Rodman, for appellees.