MEYER et al. v. MANSUR & TEBBETTS IMPLEMENT CO.

(Circuit Court of Appeals, Fifth Circuit. February 8, 1898.)

No. 635.

TRANSCRIPT ON APPEAL—CERTIFICATION.

A certificate merely stating that the papers contained in the transcript are correct copies, without showing that the transcript is a complete one, or that the parties by stipulation designated the papers to be included, or that the clerk was guided by appellant's solicitor, is insufficient, and the appeal will be dismissed on motion.

Appeal from the Circuit Court of the United States for the Northern District of Texas.

On motion to dismiss the appeal.

L. C. Alexander, for appellant.

J. M. McCormick, for appellees.

Before McCORMICK, Circuit Judge, and NEWMAN and PARLANGE, District Judges.

PARLANGE, District Judge. The clerk's certificate annexed to the transcript in this case reads as follows:

Clerk's Certificate.

I, J. H. Finks, clerk of the circuit court of the United States for the Northern district of Texas, do hereby certify that the above and foregoing is a full, true, and correct copy of the following, to wit: (1) Original bill of Mansur & Tebbetts Implement Co. and the Washburn & Moen Manufacturing Co., with the order appointing Frank F. Finks receiver, and the exhibits attached to said bill. (2) Order authorizing interventions. (3) Order referring interventions to standing master. (4) Order as to filing interventions. (5) Intervening petition of Meyer, Bannerman & Co. (6) Answer of complainants to intervention. (7) Amended plea of intervention. (9) Exhibits attached to the deposition of Jacob Meyer, taken in said cause. (10) Testimony before the master under the following caption: "No. 16. Meyer, Bannerman & Co., Interveners." (11) Testimony before the master under the following caption: "No. 76. W. B. Belknap & Co., Interveners." (12) So much of the master's report as shows his ruling upon the intervention of Meyer, Bannerman & Co. (13) Motion to transfer cause to Dallas. (14) Order of transfer. (15) Exceptions of interveners to master's report. (16) Final decree. (17) Application and order for appeal. (18) Intervener's assignment of errors. (19) Appeal bond. And that they are true copies, respectively, of what they purport to be, as the same appears in consolidated cause No. 444 Eq., Mansur & Tebbetts Implement Company et al. v. Provident National Bank et al., and W. B. Belknap & Co. v. Provident National Bank et al., of record and on file in my said office at Dallas, Texas.

Witness my hand officially, and the seal of said court at Dallas, Texas, this the 25th day of August, A. D. 1897.

[Seal.]	J. H. Finks, Clerk, by Chas. H. Lednum, Deputy.

The appellees move to dismiss the appeal—"First, because there is no properly authenticated transcript of the record filed in this court, as required by the rules thereof, and by law; second, because the record in this case was not filed within the time limited by the rules."

Addressing ourselves to the first ground of objection urged by the appellees, it seems clear that this court has no legal transcript before it. The clerk has certified the copies of 18 documents which were filed in the cause below, but the clerk's certificate does not go beyond attesting to the correctness of those copies, and the certificate shows in no manner that those 18 documents constitute the entire transcript of proceedings in the cause. A comparison between the clerk's certificate in this cause and the usual clerk's certificate authenticating a full transcript will show at once the plain defect in the certificate before the court. It must be borne in mind that in this case there is neither a certificate of the clerk attesting a full transcript, nor a stipulation of parties as to what documents shall constitute the necessary transcript, nor a statement by the clerk that he was guided by the appellants' solicitor in the selection of the papers necessary to constitute the transcript.

In Pennsylvania Co. for Insurance on Lives v. Jacksonville, T. & K. W. Ry. Co., 5 C. C. A. 53, 55 Fed. 131, this court said:

"Section 997 of the Revised Statutes of the United States requires 'an authenticated transcript of the record.' Rule 8 of the supreme court directs 'a true copy of the record and all the proceedings in the cause' to be transmitted; and our rule 14 (21 C. C. A. cxv.; 78 Fed. cxv.) requires 'a true copy of the record, bill of exceptions, assignment of errors, and all proceedings in the case.' * * * It may be well to impress on clerks of the trial courts that, in the absence of a controlling stipulation by the parties, or written instructions from the plaintiff in error or appellant, filed in the case, transcripts in cases of appeal or writs of error should meet the requirements of our rule 14, and their certificates of authentication follow the language of our rule, and show that the transcript transmitted is 'a true copy of the record, bill of exceptions, assignment of errors, and all proceedings in the case.' "

In Nashua & L. R. Corp. v. Boston & L. R. Corp., 9 C. C. A. 468, 61 Fed. 237, which was a case in which the clerk stated distinctly in his certificate that he had been directed by the complainant's counsel in selecting the documents to constitute the transcript, the circuit court of appeals for the First circuit clearly showed that the duty of selecting the documents necessary to form a legal transcript is primarily upon the clerk. The court also showed that ordinarily the clerk will accept the direction of the appellant's counsel, but that the clerk will not be bound to follow it, if the transcript directed to be made is palpably unfair.

In Hill v. Railroad Co., 129 U. S. 174, 9 Sup. Ct. 270, the supreme court said:

"It is well settled by the decisions of this court that it has no jurisdiction of an appeal unless the transcript of the record is filed here at the next term after the taking of the appeal."

Also see Blitz v. Brown, 7 Wall. 694.

This court, in order to maintain an appeal upon its docket, must have at least prima facie proof that it has a lawful transcript before it. The prima facie showing results from an unqualified certificate of the clerk, from a stipulation of the parties, or from a direction by the appellant's counsel. It will be presumed, in the case of stipulations, that the parties have been careful to bring up all the papers necessary from the standpoint of either side of the controversy; and the clerk

and the appellant's counsel, being officers of the court, are presumed to see that a lawful transcript is lodged in this court. Where a transcript prima facie lawful is before the court,—as in the case above cited of Nashua & L. R. Corp. v. Boston & L. R. Corp.,—a motion to dismiss the appeal will not be entertained, and the dissatisfied party must resort to the writ of certiorari. But when, as in the case before us, not even a prima facie transcript has been filed in this court, the proper action is to dismiss the appeal. Where the clerk certified to a full transcript, and it was urged that the transcript was incomplete, the supreme court held that the transcript was prima facie lawful, and that the deficiencies, if any, might be supplied by certiorari. The Rio Grande, 19 Wall. 188. Where the clerk had not appended his certificate to the transcript, the supreme court held that the remedy was not by certiorari. Hodges v. Vaughan, 19 Wall. 12. Rule fourteen, § 3 (21 C. C. A. cxvi., 78 Fed. cxvi.) of this court provides that:

"No case will be heard until a complete record, containing in itself and not by reference all the papers, exhibits, depositions and other proceedings which are necessary to the hearing in this court, shall be filed."

See Keene v. Whitaker, 13 Pet. 459.

In the case at bar the clerk's certificate merely authenticates certain papers as being correct copies of their originals on file in the clerk's office. We have been referred to no case, nor has our investigation discovered one, which would warrant us in holding that there is in this cause even a prima facie showing that the lawful transcript is before us. The appeal must be dismissed.