### CUNNINGHAM et al. v. GERMAN INS. BANK.

(Circuit Court of Appeals, Sixth Circuit. May 21, 1900.)

1. APPEAL—TRANSCRIPT—EFFECT OF OMITTING EVIDENCE.

Neither counsel for an appellant nor the clerk can determine conclusively what parts of the record are necessary to the hearing on appeal in the circuit court of appeals, and, where the certificate does not show that the record is a full and complete transcript of the entire proceedings, it should appear by stipulation or otherwise that it does include all that is necessary to a determination of the matters involved in the appeal; but it is desirable that it should contain no immaterial matter, and a failure to incorporate the entire record will not be held ground for dismissing the appeal, but the appellee should, if not satisfied with the transcript as filed, seasonably move the court to require the incorporation of such other papers and evidence as he deems necessary and points out.

2. BANKRUPTCY—RECORD ON APPEAL.

Where a referee in bankruptcy on petition of a party desiring a review by the judge of an order made by him, in accordance with the requirements of Bankr. Act 1898, § 39, subd. 5, and rule 27 of the general orders (32 C. C. A. xxvii., 89 Fed. xi.), has certified to the judge the question presented, "a summary of the evidence relating thereto, and the finding and order of the referee thereon," and the matter has been heard and determined by the judge on the record so made, the original evidence before the referee is no part of the record in the court, and cannot be required to be included in the transcript on an appeal from its decision.

3. SAME—MATTERS REVIEWABLE BY APPEAL.

Under Bankr. Act 1898, § 25, subd. 3, which gives a right of appeal "from a judgment allowing or rejecting a debt or claim of five hundred dollars or over," such an appeal includes as an incident any question as to the rank or lien of such debt or claim in the distribution of the bankrupt's estate; at least, where such question is one of controverted fact and law.

On Motion to Dismiss Appeal, and for a Rule to Require Appellant to Bring Up a More Perfect Record.

For opinion on merits, see 101 Fed. 977.

W. W. & J. R. Watts, for appellants.

O. A. Wehle, for appellee.

Before TAFT, LURTON, and DAY, Circuit Judges.

LURTON, Circuit Judge. Scanlon & Co., a corporation of the state of Kentucky, is an involuntary bankrupt. Proceedings for the purpose of distributing its assets are pending in the bankruptcy court for the district of Kentucky. This is an appeal, under section 25 of the bankruptcy act of 1898, from a judgment allowing a claim in favor

of the appellee, the German Insurance Bank, for $35,000, and holding same entitled to priority under a mortgage made by the bankrupt to secure same. The matter comes on now to be heard upon several motions made by appellee: First, to dismiss the appeal because the transcript of the record filed by the appellant is not a properly certified and full transcript of the record in the district court; second, to dismiss the appeal in so far as it is thereby sought to review the judgment of the court below according to appellee the benefit of the security for his debt provided by a mortgage; third, to compel the appellant to complete the transcript by filing a transcript of certain documents, depositions, and other proofs averred to be necessary to the hearing of the appeal if the court shall deny the motion to dismiss same.

1. The defect in the certified transcript pointed out by counsel for the appellee is that the clerk has neither certified that it is a transcript of the entire record, nor of such parts as he has been directed by court or counsel to certify, but that it is a "true and correct transcript" of certain papers, orders, and proofs, which he recites. Counsel insist that, as the transcript does not purport to be a full record, nor a record composed of such parts of the record as had been agreed upon by stipulation or directed by the court, it is not a "legal record," and that the appeal should be dismissed upon the authority of Meyer v. Implement Co., decided by the circuit court of appeals for the Fifth circuit, and reported in 52 U. S. App. 478, 29 C. C. A. 465, and 85 Fed. 874. In Railroad Co. v. Schutte, 100 U. S. 644, 25 L. Ed. 605, we find authority for a less rigorous rule. The transcript in that case had been made up of such papers and evidence as the appellant deemed necessary for the hearing of the matter involved by the appeal. The clerk certified that it was a transcript of such parts of the record as were "necessary on the hearing of the appeal prayed and allowed in said cause." It was urged by the appellee that much that was important had been omitted, and the court was moved to dismiss the appeal because no properly certified transcript had been filed. This the court declined to do, but ordered "that the appellees file with the clerk of this court, and with the counsel for the appellant, on or before the 1st day of February next, a statement of the papers, documents, and proofs used on the hearing below, and omitted in the transcript now on file; which they deem necessary for the proper presentation of the cause; and that unless the appellant shall, on or before the 15th day of March, file in this court, as part of the record, copies of such papers, duly certified by the clerk of the circuit court or his deputy, under the seal of the court, this appeal be dismissed. If in this way unnecessary papers are brought up, we will, on application, make such order in respect to costs as may, under the circumstances, be proper." It is desirable that a transcript sent to this court upon appeal shall contain no immaterial matter, and the third paragraph of the fourteenth rule of this court prescribes that "no case will be heard until a complete record, containing in itself, and not by reference, all the papers, exhibits, depositions and other proceedings, which are necessary to the hearing in this court shall be filed." It is manifest that neither the counsel for the appellant nor the clerk can conclusively determine what parts are "necessary to the hearing in this court." When, there-

fore, the certificate does not show the record is a full and complete record of the entire proceedings, it ought to appear, by stipulation or otherwise, that it does include all that is necessary to a determination of the matters involved by the appeal; and, if the appellee is not content with the transcript as filed, he should seasonably move the court to require the appellant to complete the record by filing a transcript of such other papers and evidence as he deems necessary and points out.

2. Neither does the appellee make a case which would justify a rule upon the appellant to file a more complete transcript. In support of the motion for this purpose appellee has filed an affidavit describing certain papers, documents, and depositions which were in evidence at the hearing before the referee, and which appellee avers are necessary to a hearing upon the matters involved by this appeal. But it is not averred that this original evidence constituted any part of the record upon which the judgment of the district court was rendered. And this is the ground upon which the appellant has opposed the allowance of a rule by which such proofs are to be now made part of the transcript in this court. That the documents and proofs desired by the appellee constituted the original evidence upon which the referee made the findings and orders which were subsequently reviewed by the judge below is not denied. But that review, so far as appears from the transcript on file, or the affidavit which is the foundation of the motion now under consideration, was not made upon the original documents or other proofs which were before the referee, but upon a certificate of the questions presented, and a summary of the evidence which related to those questions, as provided by the twenty-seventh general order in bankruptcy (32 C. C. A. xxvii., 89 Fed. xi.). That order is as follows:

"When a bankrupt, creditor, trustee or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of; and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

This order is based upon the fifth paragraph of section 39 of the bankruptcy act of 1898, which, among other duties of the referee, requires that they shall make up records "embodying the evidence, or the substance thereof, as agreed upon by the parties in all contested matters arising before them, whenever requested to do so by either of the parties thereto, together with their findings therein, and transmit them to the judge." Following the practice prescribed by the twenty-seventh general order the appellants and appellee filed their respective petitions, setting out the errors complained of, and praying that the referee would certify the questions presented, "and a summary of the evidence relating thereto, and the finding and order of the referee thereon." This the referee did, and at the instance of the appellee he amended his certificate by certifying certain additional facts desired as part of the summary of evidence. This certificate and summary are found in the record as certified, and no exception appears to have been taken, either before the referee or court, to the sufficiency and completeness thereof. In the absence of some order of the court below, we must

presume that the hearing in the district court was upon the summary of the evidence thus certified by the referee, and that the original evidence now sought to be made part of the transcript constituted no part of the record in the court below. The clear purpose of the provision of section 39, set out above, was to avoid, as far as possible, the sending of the original proofs to the judge, and to substitute therefor, where the ends of justice would permit, a summary thereof. To effectuate this object is the purpose of the general order already referred to. Undoubtedly it was entirely within the competency of the judge at request of either party to have directed the filing of all or any part of the original documents or proofs which were on file with the referee. Nothing before us indicates that any effort was made, either before the referee or judge, to supplement the summary of evidence certified to the judge in accordance with the terms of the general order, and in this condition of things we think the present application should be denied.

3. The motion to dismiss the appeal in so far as it includes an appeal from the judgment according to the debt or claim of appellee the benefit of the lien of its mortgage must be also denied. This motion is based upon the suggestion that an appeal will not lie to this court from a judgment denying or allowing a lien or preference out of the bankrupt's estate, but that such a judgment can only be questioned by petition invoking the power conferred upon the court by section 24 of the bankruptcy act of 1898. The appellate jurisdiction of this court in bankruptcy proceedings is defined by section 25, Id. By that section an appeal, as in equity cases, may be taken in bankruptcy to this court in the following cases, to wit: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; (3) and from a judgment allowing or rejecting a debt or claim of $500 or over. Learned counsel say that a review of a judgment allowing or disallowing the lien of a debt or claim can only be had under the superintending and reviewing powers of this court granted by section 24, and that an appeal will not lie from such a judgment. If this be true, such a judgment can be reviewed only upon matters of law, and, when the lien allowed or denied depends upon a controverted question of fact and law, no review of the judgment is possible, inasmuch as the remedy afforded by section 24 is limited to matters of law. To this construction of the act we cannot assent. The appeal from a judgment allowing or rejecting a debt or claim includes as an incident any question as to the rank or lien of such debt or claim in the distribution of the bankrupt's estate. If the debt or claim, including its lien or preference, depend upon controverted questions of fact and law, the right of appeal is granted by section 25, above set out. The motions of appellee must be denied, and the costs of the motion taxed to it.