### In re FIRST NAT. BANK OF CANTON, OHIO.

(Circuit Court of Appeals, Sixth Circuit. January 21, 1905.)

#### No. 1,341.

1. BANKRUPTCY—APPEALS.

   An order disallowing a mortgage lien upon the stock of merchandise and store fixtures of a bankrupt is the subject of an appeal to the Circuit Court of Appeals, under section 24a of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3431].

   [Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. SAME—VALIDITY OF MORTGAGES—CONSTRUCTION BY STATE LAW.

   In determining the validity of a chattel mortgage in bankruptcy proceedings, the federal court will follow the settled law of the state in which the transaction occurred.

   [Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 944, 968.]

3. CHATTEL MORTGAGES—STOCK OF MERCHANDISE—POSSESSION OF MORTGAGOR.

   Under the law of Ohio, a mortgage on a stock of merchandise, which expressly or impliedly provides that the mortgagor shall remain in business as before until condition broken, or the mortgagee, in his own interest, chooses to dispossess him, is, if made in good faith, an effectual security from the time that the mortgagee takes actual possession; but before such possession is taken it is void, as a matter of law, as to purchasers and creditors of the mortgagor.

   [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Chattel Mortgages, §§ 367–425.]

4. BANKRUPTCY—LIENS VOID BY STATE LAW.

   Under section 67a of the bankrupt act of July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449], providing that claims, which for want of record, or for other reasons, would not have been valid liens as against

creditors of the bankrupt, shall not be liens against his estate, and subdivision "e" of the same section, declaring all conveyances or incumbrances made within four months prior to the filing of a petition in bankruptcy, with the intent to hinder, delay, or defraud creditors, void, except as to purchasers in good faith, and providing that all property so conveyed or incumbered shall pass to the trustee, proceedings in bankruptcy operate as an effectual sequestration of the bankrupt's property for the benefit of his creditors, and a chattel mortgage executed by the bankrupt on a stock of merchandise, void, at the time of the bankruptcy proceedings, as against creditors of the mortgagor, because the mortgagee had not then taken possession and the mortgagor was permitted to conduct the business, was void as against the trustee in bankruptcy of the mortgagor.

Appeal from the District Court of the United States for the Northern District of Ohio.

Weed & Miller and P. J. Collins, for appellant.

W. S. Hanna, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. This is an appeal from an order of the District Court, sitting in bankruptcy, disallowing a mortgage lien claimed by the First National Bank of Canton, Ohio, upon a stock of merchandise and certain store fixtures of the bankrupt, Martin K. Purdy. The mortgage in question was made on December 5, 1903, and registered December 8, 1903. The mortgagor was adjudicated a bankrupt on February 4, 1904. The mortgage purports to have been made to secure a present loan of $739.93, for which the bankrupt gave four notes, maturing, respectively, in 30, 60, 90, and 120 days from date. The mortgaged property is described as consisting of certain store fixtures, such as counters, show cases, etc., "and all my stock of dry goods, notions, novelties and groceries," located in a storeroom occupied by the bankrupt in the village of Killbuck, Ohio. It is provided in said instrument that the mortgagee shall have the right to enter and take possession in case default is made in payment of either of said notes, or in case the mortgagor shall commit "any waste or nuisance, or attempt to secrete or remove the above-described goods or chattels or any part thereof; or if the said grantee * * * shall before said money becomes due deem it necessary for his or their more complete and perfect security," etc., "and expose the mortgaged property to public sale." The mortgage concludes as follows:

"And until default shall be made in the payment of said indebtedness or breach shall have been made in the performance of any of said covenants on the part of said grantor, the said grantor to remain and continue in the quiet peaceable possession of said goods or chattels and in the full and free enjoyment of the same."

This stock was suffered to remain in the possession of the mortgagor until dispossessed by the receiver and trustee in bankruptcy.

The referee, upon the law and facts of the case, held that the mortgage was invalid and unenforceable against the trustee, because void under the law of Ohio, as against creditors, and also under the bankrupt law, as having been given, when insolvent, for the purpose of preferring one W. A. McCrea, a creditor—the bank being aware of the bankrupt's insolvency, and of his purpose to prefer said McCrea—and

that the mortgage was therefore not a lien given or accepted in good faith, but in fraud of the bankrupt act.

1. This may be properly regarded as a controversy arising out of the settlement of the bankrupt's estate, and the appeal to this court as one admissible under section 24a of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3431]).

In Hewit v. Berlin Machine Works, 194 U. S. 296, 300, 24 Sup. Ct. 690, 691, 48 L. Ed. 986, the Berlin Machine Works asserted title to certain chattels, which had been conditionally sold to the bankrupt, by an intervention. Of the issue thus raised, the court said:

"The controversy may be treated as one of those controversies arising in bankruptcy proceedings over which the Circuit Court of Appeals could, under section 24a, exercise appellate jurisdiction, as in other cases. Section 25a (30 Stat. 553 [U. S. Comp. St. 1901, p. 3432] relates to appeals from judgments in certain enumerated steps in bankruptcy proceedings, in respect of which special provision therefor was required (Holden v. Stratton, 191 U. S. 115, 24 Sup. Ct. 45, 48 L. Ed. 116), while section 24a relates to controversies arising in bankruptcy proceedings in the exercise by the bankruptcy courts of the jurisdiction vested in them at law and in equity by section 2, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420] to settle the estates of bankrupts, and to determine controversies in relation thereto. Hutchinson v. Otis, 190 U. S. 552, 23 Sup. Ct. 778, 47 L. Ed. 1179; Burleigh v. Foreman, 125 Fed. 217, 60 C. C. A. 109."

In re Soudan Mfg. Co., 113 Fed. 804, 806, 51 C. C. A. 476.

In Cunningham v. German Ins. Co., 103 Fed. 932, 43 C. C. A. 377, and 101 Fed. 977, 41 C. C. A. 609, the appeal was not only from an allowance of the lien claimed, but from the allowance of the claim itself. Under those circumstances, we treated the lien claimed as a mere incident of the claim or debt, and therefore properly appealed under section 25a, as from "a judgment allowing or rejecting a debt or claim of five hundred dollars." In Hutchinson v. Otis, 190 U. S. 552, 23 Sup. Ct. 778, 47 L. Ed. 1179, the claim and a lien on a fund in the trustee's hands were allowed, and from this an appeal was allowed as from a judgment allowing a claim. The Circuit Court of Appeals of the First Circuit held that that part of the decree of the District Court allowing the lien was not subject to an appeal, and in the Supreme Court it was insisted that the petition of the creditor was one to reach a fund in court, and was not a proceeding in bankruptcy. But the court said:

"Under the circumstances of this case, it seems to us that the petition was incident to the claim (Cunningham v. German Ins. Bank, 101 Fed. 977, 41 C. C. A. 609, and 103 Fed. 932, 43 C. C. A. 377), and was a bankruptcy proceeding, under section 2, cl. 7, within the meaning of section 25, regulating appeals in bankruptcy."

2. The mortgage lien asserted was one given by an insolvent merchant upon his entire stock of goods. The provision that the mortgagor, until breach of condition, or until it should seem best to the mortgagee, should "remain and continue in the quiet peaceable possession of said goods and chattels and in the full and free enjoyment of the same," manifestly implies that he was to continue business as before. The fact is that he did remain in possession until dispossessed by the bankrupt's trustee. Whether he in fact continued to make sales is a mere matter of presumption, for the record is silent. In view of the fact that the mortgagor was confessedly insolvent, and was a small mer-

chant, with the usual mixed stock of a country merchant, and that the mortgagee agreed that he might continue in the "full and free enjoyment of the same," we can but presume that the only conceivable mode of "enjoying" the continued possession, by a continuance of business, was "enjoyed" by the bankrupt. The mortgagee is silent. Not one word of explanation is offered upon this or any other point touching the good faith of this transaction, other than the agreed fact that the mortgage was given for money advanced at the time, and not for any pre-existing debt. It is also noticeable that the mortgage contains no clause requiring the mortgagor to account for sales, nor that the lien should extend to goods afterwards purchased and added to the stock. In determining the validity of a chattel mortgage, this court will endeavor to follow the settled law of the state in which the transaction occurs. Brown v. Grand Rapids Parlor Furniture Co., 58 Fed. 286, 7 C. C. A. 225, 22 L. R. A. 817; Etheridge v. Sperry, 139 U. S. 266, 11 Sup. Ct. 565, 35 L. Ed. 171; In re Shirley, 112 Fed. 301, 304, 50 C. C. A. 252. Under the settled law of Ohio, the question of good faith is not vital, if, under a mortgage of a stock of merchandise, it is expressly or impliedly provided that the mortgagor shall remain in business as before until condition broken, or the mortgagee, in his own interest, chooses to dispossess him. If the instrument has in fact been made in good faith, it becomes an effectual security, notwithstanding such a provision, from the time the mortgagee takes actual possession. But before possession taken, such an instrument is void, as matter of law, as to purchasers and creditors of the mortgagor. Collins v. Myers, 16 Ohio, 547, 552; Freeman v. Rawson, 5 Ohio St. 1–9, 12; Francisco v. Ryan, 54 Ohio St. 307, 43 N. E. 1045, 56 Am. St. Rep. 711; Enck v. Gerding, 67 Ohio St. 245, 247, 65 N. E. 880.

The syllabus (which, under the rule of the Ohio court, is the effectual decision and ruling of the court) of the case of Francisco v. Ryan, cited above, is as follows:

"(1) A mortgage on a stock of merchandise, though made in good faith to secure a bona fide debt of the mortgagor, when it allows him to retain possession with a power of sale in the course of his business, is ineffectual to create a lien as against creditors of the mortgagor who assert their rights against the property while it remains under his control; but it is valid as between parties, and when the mortgagee takes possession."

But it is said that such a mortgage is good between the parties and good against creditors who do not obtain some lien upon it before the mortgagee takes possession, actual fraud out of the way, and that no creditor had seized upon this property prior to the adjudication in bankruptcy, and that the trustee's title is no better than that of the mortgagor. For this Hewit v. Berlin Machine Co., 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986, is cited. But in that case the unrecorded conditional sale, with agreement that title should remain in the vendor of the machinery until the purchase price was paid, was good, under the law of New York, as against everybody except subsequent purchasers or pledgees or mortgagees in good faith. Being good against the bankrupt and his creditors under the law of the state where the property was situated, it was held good against the bankrupt and his trustee. But such is not the law of Ohio. In the cases already cited it is de-

cided that the retention of possession by the mortgagor, with a power of disposition by sale, makes the mortgage ineffectual as against creditors who assert a claim before the mortgagee takes actual possession. Section 67a of the bankrupt law (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]) provides that "claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate." By subdivision "e" of same section all conveyances or incumbrances made within four months prior to the filing of a bankrupt petition, "with the intent and purpose to hinder, delay or defraud his creditors," are declared "null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration," and that all property so conveyed, transferred, or incumbered "shall pass to his said trustee." The proceedings in bankruptcy amounted to an effectual sequestration of the mortgaged property before the mortgagee had taken possession. It was a seizure for the benefit of all of his creditors. "The filing of the petition is a caveat to all the world, and, in effect, an attachment and injunction." Mueller v. Nugent, 184 U. S. 1, 14, 22 Sup. Ct. 269, 46 L. Ed. 405. Being a seizure of the property of the bankrupt for the benefit of his creditors, any lien which was ineffectual as against creditors under the law of the state of the transaction is ineffectual against the bankrupt's trustee. In re Pekin Plow Co., 112 Fed. 308, 50 C. C. A. 257; Chesapeake Shoe Co. v. Seldner, 122 Fed. 593, 58 C. C. A. 261. In two other cases at this time the same question has come before this court, where the matter has been considered more at length. In re Shuster Co., 134 Fed. 43; Dolle v. Cassell et al., 135 Fed. 52. In the case entitled In re Shirley, 112 Fed. 301, 50 C. C. A. 252, we held that, under the decisions of the Ohio court construing section 4150, Rev. St. Ohio, registration operated as a new security from the date of registration, and made the instrument effective as to all creditors who had not before registration fastened some lien upon the property. Wilson v. Leslie, 20 Ohio, 161. But with reference to the effect of a mortgage upon a stock of goods, with the right of the mortgagor to remain in possession and continue business, the instrument is fraudulent in law, regardless of registration, and void as to creditors who acquire rights before the mortgagee takes actual possession. Here the mortgagee never took possession, and the seizure under the bankruptcy proceedings therefore occurred before the mortgage was validated. The principle is familiar in the law of Ohio. A mortgage void as against creditors is void as against an assignment in trust for the benefit of creditors. Hanes v. Tiffany, 25 Ohio St. 549. The reasoning of the Ohio court is applicable here. In the case cited above, Judge White, speaking for the court, said:

"The mortgagee not having possession of the mortgaged property, the statute declares the mortgage void as against the creditors of the mortgagor. The assignee took the property under the assignment, and held it for the exclusive benefit of creditors. The mode of providing for creditors by way of assignment, in trust for their benefit, is recognized and regulated by statute, and we see no good reason why their rights may not be as effectually asserted through the assignee as they could be by judgment and execution in case there had been no assignment."

In this view of the case, it becomes unnecessary to consider the other ground upon which the judgment appealed from was rested.

Judgment affirmed.