## James vs. Marcus et al.

Where a *fi. fa.* comes to the hands of the sheriff before the death of the defendant,
it is not regular to make a levy upon and sale of his goods after his death, under
our probate and administration law, except where the judgment or decree is *in rem.*
and the execution a special one. (*Davis vs. Oswalt, ante.*)

The placing of an execution in the hands of the sheriff in the lifetime of a husband,
does not cut off the widow's right of dower in his goods; unless the officer proceed
to make a levy before his death, as held in *Arnett vs. Arnett,* (14 *Ark.* 57.)

*Appeal from the Chancery Court of Pulaski county.*

The Hon. H. F. Fairchild, Chancellor.

Watkins & Gallagher, for the appellant.

Fowler & Stillwell, for the appellees.

Mr. Chief Justice English delivered the opinion of the Court.

This was a bill for injunction and dower, filed by Pauline
Marcus in the Chancery Court of Pulaski county, against Joshua
F. James, Henry E. Hezekiah and Michael Gainon, adminis-
trator of Edward Marcus, deceased.

The facts of the case, so far as they are material to the ques-
tion to be determined by us, are as follows:

A *fi. fa.* was issued to the sheriff of Pulaski county, upon a
judgment of the Pulaski Circuit Court, in favor of Allen Gray,
against Edward Marcus, which was placed in the hands of
Joshua F. James, a deputy of the sheriff, to be executed. Af-
ter the *fi. fa.* came to the hands of James, but before he made
any levy, Marcus, the defendant therein, departed this life.
After his death, and before the return day of the writ, James
was proceeding to levy upon and sell the interest of Marcus in

a stock of merchandise, etc.   Hezekiah claimed to be a partner of Marcus in the goods, etc.   Mrs. Marcus, the widow of Marcus, filed a bill for dower, and to enjoin James and Hezekiah from meddling with the goods, etc.

On the final hearing, the Chancellor decreed that Hezekiah was entitled to one-half of the goods, etc., as partner of Marcus; that complainant was entitled to dower in the other half, and after the assignment of her dower, the remainder of that half belonged to Gainon, as administrator of Marcus, to be administered according to law; and perpetually enjoined James from executing the *fi. fa.* upon the goods.   From this decree James appealed to this Court.

It is insisted by the appellant, that, inasmuch as the *fi. fa.* came to his hands as deputy sheriff, before the death of Marcus, and thereby became a lien upon the goods, he had the right to levy upon and sell the interest of Marcus therein after his death:   That the lien acquired by the execution coming to his hands prior to the death of Marcus, was superior to, and cut off the widow's right to dower in the goods, as well as the claim of the administrator thereto, etc.

We have held, in the case of *Davis vs. Oswalt ex'r*, that our probate or administration statutes have so changed the rule of the common law, that although a *fi. fa.* comes to the hands of the sheriff before the death of the defendant, and thereby becomes a general lien upon all the goods which he has in the county, his death suspends the execution, and it is not regular to make a levy upon and sale of the goods after his death, except where the judgment or decree is *in rem*, and the execution a special one for the sale of the particular goods, etc.

The widow is entitled to dower in all the personal property (except choses in action) of which the husband dies seized and possessed, regardless of the solvency of the estate or the demands of creditors.   *Dig. ch.* 59, *secs.* 20–1.   *Hill's ad. vs. Mitchell,* 5 *Ark. R.* 608.

But if an execution is placed in the hands of the sheriff and levied upon the personalty of the debtor before his death, the officer may proceed to sell the property after his death, and

OF THE STATE OF ARKANSAS. **423**

thereby defeat the widow's dower therein; because, by the levy, the officer acquires a special property in the goods, etc., as held in *Arnett vs. Arnett*, 14 *Ark. R.* 57; and the husband does not die seized or possessed of the property within the meaning of the dower statute.

But we do not think that the general lien upon the goods of the husband acquired by placing the execution in the hands of the officer before his death, is paramount to, and cuts off the wife's right of dower.

The decree of the Court below is affirmed.