### In re SLACK.

#### (District Court, D. Vermont. October 29, 1901.)

1. BANKRUPTCY—DEATH OF BANKRUPT—ALLOWANCE TO WIDOW.

Bankr. Act 1898, § 8, provides that, in case of the death of a bankrupt pending the proceedings, "the widow and children shall be entitled to all rights of dower and allowance fixed by the laws of the state of the bankrupt's residence." The statutes of Vermont give a widow such part of the personal estate of her deceased husband as may be assigned to her by the probate court, but not less than one-third after payment

of debts and expenses. *Held*, that where a bankrupt died after his personal estate had been disposed of by his trustee, and the proceeds were insufficient to pay the debts, there was no allowance therefrom, "fixed by the laws of the state," to which the widow was entitled.

**2. SAME—DOWER—VERMONT STATUTES.**

Under the statutes of Vermont, the widow of a deceased person is entitled to one-third in value of the real estate of which her husband died seised in his own right in fee as an enlarged right of dower. *Held*, that a bankrupt who died after the title to his real estate had become vested in his trustee for the benefit of creditors by operation of the bankruptcy law, but before it had been disposed of, remained seised of the same until his death for the purposes of inheritance, and within the meaning of such statute; and that under Bankr. Act 1898, § 8, which preserves to the widow in case of the bankrupt's death the right of dower fixed by the state laws, the widow of such bankrupt was entitled to have one-third in value of the real estate set apart to her as dower.

In Bankruptcy. On petition of the widow of the bankrupt, who died pending the proceedings.

Geo. E. Lawrence, for claimant.
Edward Dana, for trustee.

WHEELER, District Judge. The laws of the state provide (Acts 1896, p. 31) that "the widow of a deceased person shall be entitled to one-third in value of the real estate of which her husband died seised in his own right, unless she is barred as is provided in this chapter; but where a right of homestead also exists said one-third shall be diminished by the amount of such homestead"; and that she shall receive "the wearing apparel of the deceased and such other part of the personal estate of the intestate as the probate court assigns to her according to her circumstances and the estate and degree of her husband," but not less than one-third, after payment of debts and expenses. V. S. § 2418. The bankrupt act (section 8) provides that "the death or insanity of a bankrupt shall not abate the proceedings, but the same shall be conducted and concluded in the same manner, so far as possible, as though he had not died or become insane: provided, that in case of death the widow and children shall be entitled to all rights of dower and allowance fixed by the laws of the state of the bankrupt's residence."

The bankrupt appears to have been seised at the time of adjudication, in his own right, of real estate to the value of about $6,000, including a homestead, and of considerable personal estate, and to have died leaving a widow and children after the personal estate had been converted into money, and before the real estate had been disposed of or severed. The widow claims a third of the real estate and allowances from the personal property, and is not barred by any of the provisions of that chapter. As no net excess of personal property over debts and expenses is possible, of which the widow can be entitled absolutely to a third, but only such as out of which the probate court might, but for the bankruptcy proceedings, make allowances, there does not appear to be any fixed allowance from personal property, within the meaning of this section of the bankrupt act, to which she can be entitled. Holmes v. Bridgman, 37 Vt. 28. Common-law dower was a life estate in the third,

and this provision of the state law is for an estate in fee simple of the third. Nevertheless, it is dower enlarged, or, if not, it is, at most, an allowance fixed by the laws of the state.

The principal objection to this allowance here is that the right is fixed by the state law in real estate of which the husband may die seised in his own right, and that this husband had been disseised of this real estate by the proceedings in bankruptcy, which are said to have conferred the seisin upon the trustee. It was competent for congress, in pursuance of the power conferred by the constitution (article 1, § 8), to establish "uniform laws on the subject of bankruptcies," to provide for exemptions, and how the estates should go; and this provision was undoubtedly a proper exercise of that authority, within its scope. Proceedings in bankruptcy in respect to a bankrupt are, from beginning to end, one case; and whatever is done in them, at whatever stage, is done in, and of what is involved in, that case. This real estate has been in this case all the while in which there has been a case, and is in it now. The estate of the bankrupt that the creditors are entitled to the benefit of has gone to the trustee for sale and distribution of the proceeds, but not for inheritance, or for distribution of the real estate itself. The bankrupt is not wholly disseised till the land is gone out of the estate. No other widow could have dower or thirds in it yet. The evident intention of the act was to leave or give to the widow and children the same share of the estate while it is in the custody of the law that would be fixed for them by the state law if it had remained in the bankrupt while he lived. The bankrupt seems still to have been seised in his own right, within the meaning of the state law, of what would be subject to this right of the widow and children under the bankrupt law. This fulfills the provisions of both statutes.

Let one-third of real estate, including the homestead, be set out to the widow.