### In re McKENZIE.

(Circuit Court of Appeals, Eighth Circuit.    October 7, 1905.)

#### No. 50.

1. BANKRUPTCY—REVIEW—APPEAL OR PETITION FOR REVISION—WIDOW'S RIGHT OF DOWER—REVIEWABLE EITHER WAY.

   The grant of jurisdiction to the Circuit Courts of Appeals (Bankr. Act July 1, 1898, c. 541, § 24a, 30 Stat. 553, U. S. Comp. St. 1901, p. 3431), to review by appeal the final decision of a controversy arising in bankruptcy proceedings of which that court would have had appellate jurisdiction if it had arisen in any other case in a federal court, and the grant of jurisdiction to revise and superintend in matter of law the proceedings of the inferior courts of bankruptcy (section 24b [U. S. Comp. St. 1901, p. 3431]) are not exclusive of each other, but cumulative or concurrent grants, the former of jurisdiction to review questions of law and of fact, the latter of jurisdiction to review questions of law only.

   An aggrieved party often has a choice of these methods.

   A decision of a controversy in bankruptcy proceedings which involves a widow's right of dower in the estate of the bankrupt presents a case of this character, and where no disputed question of fact is in issue this court has jurisdiction to review it by a petition for revision.

   [Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. SAME—DIVISION OF ESTATE BETWEEN CREDITORS AND BANKRUPTS AND THEIR FAMILIES GOVERNED BY STATE LAWS.

   It was the intention of Congress and the public policy embodied in the bankruptcy law to divide the estate of a bankrupt between him, his wife and children on the one hand, and his creditors on the other hand, as the laws of the state of his domicile authorized its division under like circumstances.

3. SAME—RIGHTS OF DOWER—CONSTRUCTION OF § 8a.

   Bankr. Act July 1, 1898, c. 541, § 8a, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3425], expressly enacts, and its true interpretation is, that the widow and children of a bankrupt who dies during the pendency of bankruptcy proceedings by or against him shall have the same rights of dower and the same allowances as are granted to them by the laws of the state of his domicile under similar circumstances.

4. STATUTES—CONSTRUCTION—DECLARATORY OF EXISTING LAWS.

The intent of a legislative body in enacting a statute which declares and preserves existing laws and rights is to dispel doubt and to prevent the modification or disregard of such laws and rights. Such statutes are not nugatory because they do not modify existing laws, because their true purpose and effect are to prevent such modification.

5. BANKRUPTCY—RIGHTS OF DOWER IN ARKANSAS—REAL PROPERTY.

Under the laws of Arkansas (Kirby's Dig. § 2687), which give the widow dower rights superior to the rights of creditors of her deceased husband in all the real estate of which he was seized of an estate of inheritance at any time during the marriage, unless she has relinquished them in legal form, a trustee in bankruptcy may not sell his real estate free from these rights, nor divest his widow of her dower rights in the proceeds of sales of it made without her consent, where the bankrupt dies after adjudication of bankruptcy and before distribution of the proceeds of the sales.

6. SAME—RIGHTS OF DOWER IN THE PERSONAL PROPERTY—DEATH OF BANKRUPT AFTER ADJUDICATION.

A widow of a bankrupt who dies after adjudication of bankruptcy and delivery of possession to a qualified trustee has no rights of dower in his unexempt personal property or its proceeds under the laws of Arkansas, which provide that a widow "shall be entitled, as part of her dower in her own right, to one-third of the personal estate  *  *  *  whereof her husband died seised or possessed" (Kirby's Dig. § 2708), because he was not seised or possessed of such personal property at the time of his death.

Adams, Circuit Judge, dissenting.

(Syllabus by the Court.)

Petition for Revision of Proceedings of the District Court of the United States for the Western Division of the Eastern District of Arkansas, in Bankruptcy.

N. T. White and Ben J. Altheimer, for petitioner.

Morris M. Cohn, for respondent.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. This is a petition to revise the judgment of the District Court of the Eastern District of Arkansas to the effect that the widow of a bankrupt, who died after his adjudication, is not entitled to any rights of dower in the proceeds of his personal estate which passed to his trustee in bankruptcy. In re McKenzie (D. C.) 132 Fed. 986. The petitioner was the wife of Ben F. McKenzie. On February 16, 1904, he was adjudged a bankrupt on his own petition and his property was thereupon placed in the possession and control of a trustee in bankruptcy. On June 19, 1904, after the trustee had converted this personal property into more than $2,000 in money, the bankrupt died. His widow petitioned the district court for one-third of the proceeds of this property and her petition was denied.

Counsel for the respondent insists that this court is without jurisdiction to determine the question of law presented by the petition for the reason that the amount involved exceeds $500 and section 25a of the bankruptcy law of 1898 permits an appeal "from a judgment allowing or rejecting a debt or claim of five hundred dollars or over." Bankr. Act July 1, 1898, c. 541, 30 Stat. 553, U. S. Comp. St. 1901, p. 3432. But the claim of the petitioner is probably not of the character referred to in this section of the statute, and if it were the grant of the jurisdiction

"to revise in matter of law the proceedings of the several inferior courts of bankruptcy" by section 24b [U. S. Comp. St. 1901, p. 3431], and the grant of jurisdiction to review final decisions therein by appeal, are not exclusive of each other, but concurrent and cumulative. Decisions of questions of law may in many cases be revised by petition in the Circuit Courts of Appeals under section 24b during the pendency of the proceedings, which are also reviewable by appeal after final decisions have been rendered. The petition for revision in effect invokes a decision upon a demurrer, an appeal, one upon the merits of the case. The former permits the appellate court to determine legal questions without an examination of the evidence upon disputed issues of fact, the latter allows it to review the entire case. In many cases parties aggrieved have the option to present questions of law by petition for revision, or questions of law and fact by an appeal.

This case is of that nature. It involves the title to a portion of the estate of the bankrupt, not a claim of a creditor based upon his debt, obligation, or wrongful act. If the controversy had arisen in a federal court when it was not sitting in bankruptcy, the final decision of it would have been reviewable in this court by writ of error or appeal. Jurisdiction to review the final judgment in this case upon both the law and the facts by an appeal was granted by section 24a, and jurisdiction to revise the action of the bankruptcy court herein by section 24b. As the petitioner sought to review a question of law only, the proceeding by petition for revision was the more appropriate and convenient method and this court has jurisdiction to entertain it. Act March 3, 1891, c. 517, § 6, 26 Stat. 828, 1 U. S. Comp. St. 1901, p. 549; Bankr. Act July 1, 1898, c. 541, §§ 2 (7), 24a, 24b, 30 Stat. 546, 553 [U. S. Comp. St. 1901, pp. 3421, 3431, 3432]; Dodge v. Norlin, 66 C. C. A. 425, 429, 133 Fed. 363, 367.

The intention of Congress portrayed and the public policy embodied in the bankruptcy law was to divide the estate of the bankrupt between him, his wife and children on the one hand, and his creditors on the other, in the same way that the laws of the state permitted its division under similar circumstances. This purpose is evidenced by the preservation of exemptions allowed to the bankrupt by the state laws (Bankr. Act July 1, 1898, c. 541, § 6, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]), by the exception of his exemptions from the property which passes to the trustee by the transfer to the latter of the title to all the property not exempt which the bankrupt could have transferred before the petition was filed and all that could have been sold under judicial process against him (§ 70a, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]), and by the provision that in case of his death the widow and children shall have the same rights in his property that they would have had under similar circumstances under the laws of the bankrupt's residence (§ 8a, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3425]). No words occur to us which would indicate this intention more clearly than those of the section last cited. It reads:

"Sec. 8. Death or Insanity of Bankrupts.—a. The death or insanity of a bankrupt shall not abate the proceedings, but the same shall be conducted and concluded in the same manner, so far as possible, as though he had not died or

become insane: Provided, that in case of death the widow and children shall be entitled to all rights of dower and allowance fixed by the laws of the state of the bankrupt's residence."

The rights of the bankrupt and of his wife or widow and children in his estates are therefore fixed by the laws of the state of his domicile, and the right of the petitioner in this case to one-third of the proceeds of the personal estate of this bankrupt is conditioned by the laws of the state of Arkansas.

Those laws provide that a widow shall be endowed of one-third of all the lands of which her husband was seised of an estate of inheritance at any time during the marriage unless the same have been relinquished in legal form, Kirby's Dig. 1904, § 2687, that no deed or conveyance made by her husband, no judgment or decree against him, and no laches, covin, or crime of her husband shall prejudice this right of dower (section 2702), and that as against creditors the widow shall be endowed of one-third of the real estate in fee simple if a new acquisition, and not ancestral, of which the husband died seised (section 2709).

Clause 5 of section 70a of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]), defines the property to which the trustee in bankruptcy took title in this case and hence it is the only one that it is necessary for us to consider. That section declares that upon the appointment and qualification of the trustee he shall "be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all   *   *   *   (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." Inasmuch as the bankrupt could not have transferred his wife's rights of dower in his real estate, and these rights could not have been levied upon or divested under judicial process against him prior to the filing of the petition in bankruptcy, they do not pass to the trustee, he may not lawfully sell the lands free from them, and the widow may recover them or their value, either in specie or from the proceeds of the sale of the real estate, even after an adjudication and an attempted sale by the trustee. Porter v. Lazear, 109 U. S. 84, 89, 3 Sup. Ct. 58, 27 L. Ed. 865; In re Shaeffer, 5 Am. Bankr. Rep. 248, 105 Fed. 352; In re Slack (D. C.) 111 Fed. 523; In re Forbes, 7 Am. Bankr. Rep. 42; In re Seabolt (D. C.) 113 Fed. 766, 767; In re Angier, 4 Nat. Bankr. R. 619, Fed. Cas. No. 388; In re Hester, 5 Nat. Bankr. R. 285, Fed. Cas. No. 6,437.

But personal property is of a different character and the husband's dominion over it is more complete. He is not prohibited by the laws of Arkansas from selling, pledging, mortgaging, or giving it to third parties free from the rights of dower and from all other rights and claims of his wife. While she has an inchoate right of dower in the real estate of her husband while living, she has no right whatever in his personal property until his death. Her interest in the latter does not accrue until he dies, and then it attaches to the personal property of which he was seised or possessed at his death, only. Her interest in it is granted and defined by the statute of Arkansas in these words:

"A widow shall be entitled as part of her dower, in her own right, to one-third of the personal estate * * * whereof the husband died seised or possessed." Kirby's Dig., § 2708.

The adjudication in bankruptcy and the appointment and qualification of the trustee, disseised and dispossessed the bankrupt of all his personal estate not exempt from execution long before his death. Since at the time of his death he was neither seised nor possessed of any of it, the logical and unavoidable conclusion is that his widow had no right of dower or other interest in it under this statute, and her claim to it cannot be sustained. So are the decisions of the highest judicial tribunal of Arkansas whose construction of these statutes of that state is, upon familiar principles, controlling in this case. In cases wherein the debtor died while he was the owner and in possession of personal estate, the claim of the widow to one-third of it has been sustained by that court and declared to be superior to that of his creditors. Hill's Adm'rs v. Mitchell, 5 Ark. 608; Menifee's Adm'rs v. Menifee, 8 Ark. 9, 40; James v. Marcus, 18 Ark. 421; Crowley v. Mellon, 52 Ark. 1, 11 S. W. 876; Crouch v. Edwards, 52 Ark. 499, 12 S. W. 1070.

But in cases in which the husband died after he had parted with the title or possession of his personal property the claim of the widow to a right of dower or other interest therein under the statutes of Arkansas, superior to that of his creditors, was denied on the ground that ownership and possession at the time of the death of the husband were indispensable conditions of the maintenance of such a claim. Arnett v. Arnett, 14 Ark. 57, 58; Crow v. Powers, 19 Ark. 424; Street v. Saunders, 27 Ark. 554; Hawk v. Hawk (D. C.) 102 Fed. 679, 681; McClure v. Owens, 32 Ark. 443, 444. In Arnett v. Arnett, the husband died after the sheriff had levied an execution against him upon, and taken possession of, his personal property, but before the return day and before a sale under the execution, and the court held that while the title remained in the debtor at the time of his death, he was neither seised nor possessed of the property, and the widow had no right of dower in it. In Crow v. Powers the decision was that the widow had no interest in a slave of whom her husband had made a deed of manumission to take effect at his death. In Street v. Saunders the Supreme Court of Arkansas declared that a widow had no right of dower in anything but the surplus after the payment of the debt to secure which her husband had made a trust deed of some of his personal property, although he retained the possession of it at the time of his death, for the reason that the trust deed had divested him of the title and he was not the owner of the property when he died. In Hawk v. Hawk, 102 Fed. 679, 681, the District Court for the Western District of Arkansas was required to interpret a cognate statute of that state which provides that a "wife who is granted a divorce from her husband shall be entitled to one-third of the husband's personal property absolutely," Sand. & H. Dig. § 2517. The Supreme Court of Arkansas had held that the interest in the personal property of her husband of a wife who had procured a divorce was the same under this statute as the right of dower of a widow in the personal property of her deceased husband under the Arkansas statute upon that subject. The learned district judge decided that one who procured a divorce

after the adjudication of her husband a bankrupt had no interest in his unexempt personal property, and said:

"But a wife has no dower rights in the personal property of her husband until after his death; nor has a wife any rights under this statute until the decree of divorce is rendered in her favor."

In McClure v. Owens, 32 Ark. 443, 444, the husband had mortgaged certain personal property to secure his debt. He died in possession of it, but the mortgagees subsequently seised it under the power in the mortgage. The court decided that the widow had no right of dower in it and said:

"The wife by marriage has no such inchoate right of dower in the personal estate of her husband as she has in his real estate, and he may sell, mortgage, or dispose of the same at his pleasure. Her right in his personal estate does not accrue until his death and only in such as he then owns."

If a mortgage or a trust deed made by a debtor to secure a single creditor deprives his widow of all right of dower in everything but the surplus of the proceeds of the personal property it describes after the debt is paid, a transfer of such property by operation of law to a trustee under the bankruptcy law to secure all the creditors of the debtor cannot be less effective to protect them.

It is said that this conclusion renders nugatory the proviso of section 8(a), that in the absence of this provision widows had their rights of dower in the personal property of their bankrupt husbands who died before adjudications in bankruptcy against them, and that for this reason some other meaning should be sought out and imported into this section. The argument proves too much. It proves that every statute, which simply declares the settled law and enacts that this law and the rights vested under it shall remain undisturbed and free from doubt, notwithstanding its enactment, must be construed to change the law and to enlarge or diminish the rights by bringing into them such provisions, as counsel may persuade the courts it would be judicious to enact. No such canon of construction has been found in the books. The true purpose and the designed effect of statutes, declaratory of the common or existing law and preservatory of the rights vested thereunder, is to dispel doubt and to make plain the fact that such laws and rights shall remain undisturbed. This was the effect of a similar provision upon this subject in Bankr. Act Aug. 19, 1841, c. 9, 5 Stat. 442, § 2 (Porter v. Lazear, 109 U. S. 84, 89, 3 Sup. Ct. 58, 27 L. Ed. 865), and the intention that the proviso here under consideration should have this effect and no other shines forth from the fit words of the statute. It has its complete and intended effect when it dispels doubt and secures to widows and children of bankrupts the rights of dower and allowances granted to them under like circumstances by the laws of the states of the bankrupts' residences.

An argument by analogy, which runs in this way, is suggested: In cases of the class first cited, in which the husbands died seised and possessed of their personal property the Supreme Court of Arkansas declared that the administrators of their estates took and held one-third of their personal property and of its proceeds as trustees for the widows. Trustees in bankruptcy are not bona fide purchasers. They take and hold the title of the bankrupt only, unless there is some fraud upon cred-

itors, or some other provision of the bankruptcy law modifies this general rule. Therefore, it is said that trustees hold one-third of the personal property of bankrupts, who die after their adjudication and before their discharge, in trust for their widows. The premises are sound, but they do not sustain the conclusion. The argument ignores the crucial fact that the seizure or possession of the husband at the time of his death is an indispensable condition of the creation of the trust for the benefit of the widow. If the death of the bankrupt, McKenzie, had occurred at or before the transfer of his title to the trustee in bankruptcy, the contention might have persuasive force, because then he might have been seised or possessed at the time of his death. But he died long after the transfer of his title and possession to his trustee in bankruptcy. At the time of that transfer no inchoate right of dower in his personal property existed. He had the unincumbered title, the undisturbed possession and plenary power to dispose of the property by sale, by pledge, or by gift at his pleasure. That title, possession and power vested in the trustee, in trust for his creditors, and not for the wife, upon the adjudication and the appointment and qualification of the trustee, because her right attached only to the property of which her husband died seised and possessed and at the time of his death he had neither seizure nor possession of any of the personal property, the proceeds of which are the subject of this controversy.

The decision and judgment below were right, and the petition for revision must be denied. It is so ordered.

ADAMS, Circuit Judge (dissenting). I am unable to agree with the conclusion reached by the majority in this case. The laws of Arkansas (section 2708, Kirby's Dig.) set apart one-third of the personal estate of which a husband may be seised or possessed at his death as a reasonable portion or dower for the widow. Other states, at the time of the passage of the bankruptcy act, had similar provisions for the benefit of widows. In the light of such legislation, denoting a somewhat general public policy, the provisions of the bankruptcy act were enacted by Congress. Section 70a of the act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]), vests, as of the date of adjudication, title of the bankrupt to all property subject to the provisions of the act in the trustee, when appointed and qualified. By the provisions of this last-mentioned section, taken singly and literally, the adjudication would operate to vest title to all of a bankrupt's personal property in the trustee as of the date of adjudication, and the bankrupt might thereby become so divested or dispossessed of his personal property, by operation of law, as to defeat the wife's right of dower fixed by statutes of Arkansas and other states, if the bankrupt should die pending the proceedings.

This was the situation before Congress when the bankruptcy act was under consideration and may well have afforded occasion for the provision found in section 8a of the act. 30 Stat. 549 [U. S. Comp. St. 1901, p. 3425]. By this last-mentioned section it was enacted that the death of a bankrupt should not abate the proceedings already instituted; and then, doubtless out of abundant precaution, lest the operation of section 70a and the continuation of proceedings, notwithstanding the death

of the bankrupt, might defeat the rights of widows and orphans, accorded to them by the laws of many states, the following proviso was added:

"Provided that in case of death [meaning death after the filing of petition for adjudication in bankruptcy] the widow and children shall be entitled to all rights of dower and allowance fixed by the laws of the state of the bankrupt's residence."

This proviso is as much a part of the bankruptcy act as is section 70a. It contains no words of limitation, is broad and comprehensive, has effect upon the same subject as is involved in section 70a, and was, in. my opinion, intended by Congress to have full force and effect as a remedial provision or modification of the last-mentioned section, to the extent of preventing its provisions from being so construed as to cut off the widow's right of dower as fixed by the state statutes.

It is inferentially conceded in the opinion of the majority, and in my opinion necessarily so, that in the absence of the proviso to section 8a widows could assert their statutory rights of dower in the personal property of their bankrupt husbands, whenever they died before adjudication in bankruptcy against them. Until adjudication, the title of a bankrupt is not divested, and until then his seisin or possession of personal property is not disturbed. Accordingly his death at any time pending proceedings in bankruptcy, but prior to adjudication, under the authority of the Arkansas cases cited in the majority opinion, would not have deprived his widow of her dower interest in his personal property, but, on the contrary, would doubtless have conferred upon her that right. The proviso in question, therefore, was not necessary to enable her to successfully assert her statutory rights in case of the death of the husband at any time before adjudication. If it can have no scope for operation after adjudication as declared by the majority, it clearly is inoperative and idle.

Such a conclusion should not be reached if any interpretation can be given the whole act which will give this proviso a rational and harmonious effect. This, as already indicated, can be done. The two sections in question, when read together, evince a clear purpose on the part of Congress to recognize the wise and humane public policy, found in the legislation of many of the states, making provision for widows and orphans, by providing that even in cases of bankruptcy, when death occurs at any time pending the administration of the estate, their statutory rights should be respected.

To accomplish this purpose, the Congress, in my opinion, by the proviso to section 8a excepted the personal property of which the widow would be deprived by the terms of section 70a from its operation. Certainly this construction, so reasonable and humane, should be adopted, rather than to declare the proviso void and of no effect.

This conclusion is sustained by the case of In re Slack (D. C.) 111 Fed. 523.