## In re HOLMES.

(Circuit Court of Appeals, Eighth Circuit. October 25, 1905.)

### No. 47.

1. BANKRUPTCY—APPELLATE AND REVISORY JURISDICTION NOT EXCLUSIVE, BUT CUMULATIVE.

The right of appeal and the right of superintendence and revision in matter of law only under Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 [U. S. Comp. St. 1901, 3432] are not exclusive, but cumulative. In a proper case an aggrieved party has the option to review the controverted facts and the law which condition an order or judgment by appeal, or to review the law only by petition for revision.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. SAME—TIME FOR APPEAL—PETITION TO REVISE APPEALABLE ORDER.

The time within which a petition for the revision in matter of law, under Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], of an appealable order or judgment may be presented, is limited by the time fixed by the bankruptcy law for the appeal.

(Syllabus by the Court.)

Petition for Revision of Proceedings of the District Court of the United States for the District of Colorado, in Bankruptcy.

Alva B. Adams, for petitioner.
Matthew J. Galligan, for respondent.

Before SANBORN, Circuit Judge, and PHILIPS and CARLAND, District Judges.

SANBORN, Circuit Judge. On October 19, 1904, George Holmes, the trustee of the estate of the Colorado Foundry Company, a bankrupt, filed a petition in this court to revise in matter of law an order of the court below made on April 15, 1904, which allowed to one Sells, a mortgagee of the bankrupt, a preferential claim of $694.56 and an unpreferred claim of $705.44 and interest. The trustee challenged the allowance of the preference alone. The mortgagee has made a motion to dismiss the petition, because an appeal from the order which allowed his preference would lie, because more than six months elapsed between the making of the order and the filing of the petition, and because a consideration of evidence and a determination of controverted facts is essential to a review of the ruling below.

The existence of the debt is conceded. The only question which the case presents is whether or not the mortgagee is entitled to his preference by virtue of his chattel mortgage. This is a controversy over the title and property of the estate of the bankrupt between the trustee and the mortgagee, a party adverse to the trustee and the bankrupt, of which this court is given appellate jurisdiction by Bankr. Act July 1, 1898, c. 541, § 24a, 30 Stat. 553, U. S. Comp. St. 1901, pp. 3431, 3432; Dodge v. Norlin, 133 Fed. 363, 366-369, 66 C. C. A. 425, 427-429. In the second year after the act of 1898 was passed this court decided that a petition to revise in matter of law under section 24b an appealable order or judgment could not be maintained, and numerous decisions have since

been rendered to the effect that the right of appeal and the right of revision are exclusive each of the other. In re Kuffler, 127 Fed. 125, 61 C. C. A. 259; In re Worcester County, 102 Fed. 808, 811, 42 C. C. A. 637, 641; First Nat. Bank v. State Nat. Bank, 131 Fed. 430, 433, 65 C. C. A. 414, 417; In re Friend, 134 Fed. 778, 781, 67 C. C. A. 500, 503; In re Mueller, 135 Fed. 715, 68 C. C. A. 349. This theory, however, has resulted in such contrariety of decision relative to the proper method of review of specific orders and such confusion and uncertainty in the practice that it has become necessary for lawyers in many instances to take an appeal and file a petition for revision in the same case in order to be sure to obtain a review of the ruling challenged. In re Worcester County, 102 Fed. 808, 811, 42 C. C. A. 637, 641. Thus it was held in the cases of In re Worcester County, 102 Fed. 808, 814, 42 C. C. A. 637, 643, and In re Rouse Hazard Co., 91 Fed. 96, 33 C. C. A. 356, that an order which allowed a creditor a preference was reviewable by a petition for revision and not by appeal, while in Cunningham v. German Ins. Bank, 103 Fed. 932, 935, 43 C. C. A. 377, 380, In re Roche, 101 Fed. 956, 42 C. C. A. 115, and In re Soudan Mfg. Co., 113 Fed. 804, 51 C. C. A. 476, the opposite conclusion was reached.

Moreover, under the theory that the appellate and revisory jurisdiction of the courts of appeals are exclusive each of the other, a large share of the time and labor of the judges of the courts of appeals, and of the lawyers who assist them, and no insignificant portion of the means of the litigants, all of which are imperatively demanded for the decision of the merits of the questions the parties seek to present, or of still more important issues of law, are consumed in the litigation, determination, and preparation of opinions concerning the question whether an order or proceeding in bankruptcy which is clearly reviewable must be reviewed by appeal or by petition for revision. Witness the authorities already cited and numerous other learned opinions upon this question which crowd the reports of the Courts of Appeals. In this state of the case, in the year 1903, an original petition to revise in matter of law proceedings of the district court of Kingfisher county, Okl., which culminated on April 6, 1903, in an order which dismissed an involuntary petition in bankruptcy was presented to this court. The order of the district court was a "judgment refusing to adjudge the defendant a bankrupt," it was appealable under Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], and an appeal from it would have brought up for review all the preceding rulings in the case. This court certified these facts to the Supreme Court, and inquired whether it had jurisdiction to superintend and revise, in matter of law, these proceedings in the district court of Kingfisher county, and the Supreme Court answered in the affirmative. The fact that the only real object of the petition in that case was to reverse the judgment refusing to adjudge the defendant a bankrupt was disclosed by the certificate to the Supreme Court and appears in the report of the case. Plymouth Cordage Co. v. Smith, 194 U. S. 311, 24 Sup. Ct. 725, 48 L. Ed. 992. After the rendition of this decision this court proceeded upon the original petition for revision to review and reverse the judgment of the dis-

trict court of Kingfisher county and to direct it to take farther proceedings in the case. In re Plymouth Cordage Co., 135 Fed. 1000, 68 C. C. A. 434.

In the case of Dodge v. Norlin, 133 Fed. 366, 367–369, 66 C. C. A. 425, 427–429, a reconsideration of the effect of the grants of appellate and revisory jurisdiction in the bankruptcy law in the light of the decisions of the courts and in view of the confusion and uncertainty, which had arisen in the attempt to treat them as exclusive, relative to the method of review which should be invoked in specific cases, led this court to this conclusion:

"The act of 1898 does not grant the appellate and revisory jurisdiction in the alternative. It does not give to disappointed litigants the right of appeal or the right of revision in matter of law. It grants the right of appeal and the right of superintendence and revision in matter of law only. It gives both rights freely and without limitation. The two grants are not inconsistent, and on familiar principles both must stand, and in a proper case either may be invoked."

This conclusion was affirmed in the case of In re Sallie McKenzie (C. C. A.) 142 Fed. 383, at the present term of this court; and another review of the law, the reasons and the authorities upon this question, some of which have been cited in this opinion, has served only to strengthen our conviction of its soundness. The motion for dismissal may not be granted because the order challenged was appealable. In a proper case an aggrieved party has the option to review the controverted facts and the law which condition an order or judgment by appeal or to review the law only by petition for revision under section 24b.

The bankruptcy law of 1898 does not in express terms limit the time within which a petition for revision may be presented. It does not, however, follow from this lack of limitation that the Courts of Appeals will entertain petitions to revise any of the proceedings of the inferior courts of bankruptcy which a disappointed litigant may seek to challenge without regard to the time which has elapsed between the date of the proceeding and the presentation of the petition. One of the main purposes of the law was to provide a speedy method whereby a bankrupt might be finally discharged from liability to his creditors and his property might be equitably distributed among them. This object would be entirely defeated if the orders and judgments in bankruptcy were forever open, or were open for an uncertain or unknown time, to revision and reversal upon petitions under section 24b, because in that case they would never become or be known to be either final or conclusive. An uncertainty relative to the time within which such petitions may be maintained necessarily leaves the conclusiveness of the orders of the bankruptcy courts in doubt and thus tends to defeat one of the main purposes of the law. There ought, therefore, to be a well-known and certain limit to the time within which such judgments and orders may be challenged in matter of law by petition as well as by appeal.

A proceeding in bankruptcy is a proceeding in equity. The acts of Congress prescribe no time within which bills of review must be presented in ordinary cases in chancery and yet the rule is well settled that such bills, to correct errors apparent upon the face of the record, may

not be successfully maintained unless they are filed within the times limited for the review by appeal of the decrees they question. Thomas v. Harvie's Heirs, 10 Wheat. 146, 148, 6 L. Ed. 287; Ensminger v. Powers, 108 U. S. 292, 302, 2 Sup. Ct. 643, 27 L. Ed. 732; Central Trust Co. v. Grant Locomotive Works, 135 U. S. 207, 227, 10 Sup. Ct. 736, 34 L. Ed. 97; Reed v. Stanley, 38 C. C. A. 331, 332, 97 Fed. 521, 522. Petitions for revision and superintendence in matter of law under section 24b are available to correct errors apparent upon the face of the record only. The reason of this rule of equity therefore becomes even more persuasive and compelling in the case of such petitions than in the case of petitions for review in ordinary suits in chancery, because speedy judgments, finality, and certainty are more essential to a just administration of the bankruptcy law than to the determination of the rights of parties in ordinary suits in equity. This rule is just and salutary. It is an established rule in equity. A petition for revision, like all proceedings in bankruptcy, is a proceeding in equity, and it ought to be, and is, governed by this rule. A petition to revise or superintend in matter of law under section 24b an appealable order or judgment may not be maintained after the time for the appeal has expired. The order challenged in this case involved the right of the creditor under a chattel mortgage to certain property of the bankrupt, or its proceeds, which had been taken by the trustee. It was therefore an appealable order. Dodge v. Norlin, 133 Fed. 367, 66 C. C. A. 425. But the six months fixed for the appeal had elapsed, three days before the trustee filed his petition for revision.

The petition, therefore, came too late, and it must be dismissed. It is so ordered.