KLUTT v. PHILADELPHIA & R. RY. CO.

(Circuit Court, E. D. Pennsylvania.  June 22, 1906.)

No. 25.

NEW TRIAL—GROUNDS—VERDICT AGAINST EVIDENCE—COLLISION—RUNNING DOWN ROWBOAT—INSUFFICIENT LOOKOUT.

 A new trial denied to defendant in an action for the running down and killing of plaintiff's husband, who was in a rowboat, by defendant's tug and tow, on the ground that the question whether the killing was due to defendant's negligence in failing to maintain a proper lookout was one for determination by the jury.

 [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, §§ 135–149.]

On Rule for New Trial.

Francis Fisher Kane, for plaintiff.
John G. Lamb, for defendant.

HOLLAND, District Judge. With the exception of a few minor details, the evidence on the trial of this cause in April, 1906, in this court was the same as on the first trial, and the Circuit Court of Appeals, in an opinion by Judge Acheson, 142 Fed. 391, held that it was for the jury to say whether, by the employment of proper lookouts, the defendant's tug might not have discovered the exposed situation of Klutt in time, by the exercise of ordinary care and diligence, to have avoided the accident. It is true the defendant's evidence in this trial showed that there were no box cars on the floats, and the captain claimed he was at the wheel, and had an unobstructed view all around, and that this view was not interfered with in any way by the cars on the floats, nor did they interfere with his view of the man in the rowboat. Plaintiff's witnesses claim decedent was caught in the ice, but the captain insists he was not, but negligently endeavored to cross the river in front of the tow, and failed to pass in time, and that he (the captain) blew the whistle and reversed his engine so soon as he saw there was danger of his tow striking the decedent. This was a question for the jury, and if the man was fast in the ice, it was for the jury to say whether a lookout might not have discovered this in time and avoided the accident.

New trial refused.