## In re HECOX.

### HECOX v. ROLLESTONE.

(Circuit Court of Appeals, Eighth Circuit. November 7, 1908.)

No. 89 Original.

No. 2,718.

**1. BANKRUPTCY (§ 441\*) — REVIEW OF PROCEEDINGS—PETITION FOR REVISION—"PROCEEDING IN BANKRUPTCY."**

A petition by a trustee in bankruptcy to a court of bankruptcy for a summary order on a receiver of a state court to deliver property to the petitioner is a proceeding in bankruptcy, and the order made thereon is reviewable by the Circuit Court of Appeals in matter of law on a petition to revise under Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 441.\*

For other definitions, see Words and Phrases, vol. 1, pp. 703–704.

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

**2. BANKRUPTCY (§ 100\*)—ADJUDICATION—COLLATERAL ATTACK.**

An adjudication of bankruptcy based on a finding that because of insolvency a receiver was appointed for the property of the alleged bankrupt under the laws of a state, which is made an act of bankruptcy by Bankr. Act July 1, 1898, c. 541, § 3a (4), 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422), as amended by Act Feb. 5, 1903, c. 487, § 2, 32 Stat. 797 (U. S. Comp. St. Supp. 1907, p. 1025), is conclusive as to such fact, and cannot be collaterally attacked.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 142; Dec. Dig. § 100.\*]

**3. BANKRUPTCY (§ 293\*)—RIGHTS OF TRUSTEE—PROPERTY IN CUSTODY OF RECEIVER.**

On an adjudication in bankruptcy and the appointment of a trustee, he is entitled to the possession of property of the bankrupt in the possession of a receiver appointed by a state court within four months, and, if such right is not recognized by the receiver or the court which appointed him, it is competent for, and the duty of, the bankruptcy court to enforce it.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 293.\*]

Appeal from the District Court of the United States for the District of Colorado.

On Petition for Review.

Ernest Morris, for appellant.

L. F. Twitchell and John M. Woy (Frank C. Goudy, on the brief), for respondent.

Before VAN DEVANTER and ADAMS, Circuit Judges, and PHILIPS, District Judge.

PHILIPS, District Judge. The question presented for decision on this record arises out of a controversy between a trustee in bankruptcy and a receiver appointed by a state court respecting the right to the custody of certain property of the bankrupt. The Economic Gold Extraction Company, a corporation, in an involuntary proceeding, was

duly adjudged a bankrupt, on the ground that five days prior to the filing of the petition in bankruptcy one A. A. Rollestone was put in possession of the property of the said company as receiver under the laws of the state of Colorado, in certain proceedings pending in the district court for the city and county of Denver.

The trustee in bankruptcy, under order of the referee in bankruptcy to whom the petition theretofore had been referred, applied to said state court for an order directing its receiver to turn over to the trustee the property of the bankrupt estate in his' possession as receiver. This order the state court refused to make. Thereupon the trustee reported the refusal to the United States District Court, and asked for an order on the receiver to deliver said property to the trustee for administration in bankruptcy. This petition to the court of bankrupt-, cy, inter alia, alleged that the said receiver had been appointed in a proceeding to foreclose a certain mortgage claimed to cover the property in question, but alleged that said mortgage was invalid. The receiver entered his appearance to this petition, and made answer, alleging, among other things, that the receiver was not appointed on account of the insolvency of the debtor. But the answer admitted that the bill in the state court alleged "that there are no funds arising from any insurance to reconstruct said mill (covered by the mortgage), or to stand in lieu thereof as security for said bonds, and that the defendant the Economic Gold Extraction Company is insolvent."

In affidavits filed, pro and con, by the parties, question was raised as to whether or not certain of the property claimed was covered by the mortgage. The court ruled that, inasmuch as the state court had first acquired jurisdiction over the res, the trustee should contest the matter by plenary suit against the receiver in the proper court. It therefore, declined to make the order requested.

On this state of the record the trustee, to preserve his right of having the' matter reviewed, filed in this court a petition for review in matter of law, and also brought the case here by appeal, a course of practice recognized in this jurisdiction. In re McKenzie, 142 Fed. 383, 73 C. C. A. 483; In re Holmes, 142 Fed. 391, 73 C. C. A. 491. Judge Lurton, speaking for the Court of Appeals of the Sixth Circuit, in Re McMahon, 147 Fed., loc. cit. 689, '77 C. C. A. 673, said:

"The distinction between cases which are 'proceedings in bankruptcy' under section 24b (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]) and those which are 'controversies arising in bankruptcy proceedings' and appealable under the general appellate jurisdiction of the court as confirmed by section 24a is not always clear nor easily stated. Between Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986, and First National Bank of Chicago v. Chicago Title & Trust Company, 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051, there is this distinction: In the first case the stranger voluntarily came in and set up a claim against property in possession of the bankrupt's trustee. Very clearly that made one of those independent controversies which may arise in a bankruptcy proceeding or in any other where the res is in custodia legis, and was appealable under section 24a. In the latter case the same kind of issue arose, but it arose upon the application of the trustee for an order of sale, and as incident to that the determination of a claim against the property held by one not a party to the proceeding. The latter is plainly held to be a 'proceeding in bankruptcy' not appealable, but reviewable in matters of law only upon an appeal to the super-

visory powers of the Court of Appeals under section 24b. The distinction we recognize and apply in this case by holding that the proper and only mode of correcting error in the case was through the supervisory powers of this court, and that the petitioner resorted to the right remedy though he had no wrong to redress."

As the case at bar is that of a petition for a summary order on the receiver to deliver property to the trustee in bankruptcy, which order was refused by the District Court solely on a question of law, the case is one presenting a controversy "arising in bankruptcy" under section 24b of the bankrupt act, and is reviewable in matter of law.

The radical error in the ruling of the District Court and the vice in the position assumed by counsel for the receiver before this court consist in undertaking collaterally to controvert the ground of adjudication in bankruptcy. That adjudication determined that the bankrupt was insolvent, and while insolvent, within four months of the filing of the petition in involuntary bankruptcy, and because of its insolvency, a receiver had been put in charge of its property by order of the state court. By the amendment to the bankrupt act of July 1, 1898, c. 541, § 3a (4), 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422), by Act Feb. 5, 1903, c. 487, § 2, 32 Stat. 797 (U. S. Comp. St. Supp. 1907, p. 1025), it is declared to be an act of bankruptcy "because of insolvency a receiver or trustee have been put in charge of its property under the laws of a state, a territory, or of the United States." Until avoided in a direct proceeding therefor, that adjudication was binding and conclusive on the bankrupt and creditors, as much so as a judgment, inter partes, on due hearing in a court of competent jurisdiction. In re American Brewing Company, 112 Fed. 752, 50 C. C. A. 517; In re Knight (D. C.) 125 Fed. 35; In re First National Bank, 152 Fed. 65, 81 C. C. A. 260.

By operation of law, on the adjudication in bankruptcy and the selection and qualification of a trustee, all right, title, and interest of the bankrupt in and to any and all property passed to and vested in such trustee. The scheme as well as the policy of the bankrupt act is that the collecting, marshaling, administration, and distribution of the bankrupt's estate shall reside exclusively in the court of bankruptcy. As the bankrupt act is a national law, enacted pursuant to the power vested by the Constitution in Congress, it is a paramount law of the land, to which all state authority, legislative and judicial, must submit. As the receiver in question was appointed by the state court within four months next preceding the filing of the petition· in bankruptcy, the debtor being insolvent, his appointment constituted an act of bankruptcy. In contemplation of the bankrupt act, in so far as concerned his right to the custody of the property of the bankrupt, he stood as if he had never been appointed by the state court. In such situation, as he holds the property not in his own right, but solely in his claimed official capacity, it was his duty, on notification and demand by the trustee in bankruptcy, to deliver the property to him. But inasmuch as he was the appointee of the state court, as a mere act of courtesy, sometimes, but hardly accurately, termed "judicial comity," the bankrupt court in the first instance directed the trustee to prefer a request to the state court for an order on its receiver to deliver the

property in his custody to the trustee. In such case, if the state court decline to reciprocate the consideration thus paid to its dignity, the law is well settled that it is then competent for, and the duty of, the bankrupt court to order the receiver to deliver the property over to the trustee, and he would be in contempt if he refuse to comply therewith. Controlling authorities affirm the foregoing propositions. Bryan v. Bernheimer, 181 U. S. 188, 195, 196, 21 Sup. Ct. 557, 45 L. Ed. 814; Randolph v. Scruggs, 190 U. S. 533, 537, 538, 23 Sup. Ct. 710, 47 L. Ed. 1165; Watts v. Sachs, 190 U. S. 1, 23 Sup. Ct. 718, 47 L. Ed. 933; In re Schermerhorn, 145 Fed. 341, 76 C. C. A. 215; In re Knight (D. C.) 125 Fed. 35; In re Kaplan (D. C.) 144 Fed. 159; Hooks v. Aldridge, 145 Fed. 865, 869, 76 C. C. A. 409; Loveland on Bankruptcy (3d Ed.) 116, 117; Collier on Bankruptcy (6th Ed.) 51; 1 Remington on Bankruptcy, §§ 1605, 1617.

If the mortgagee who proceeded in the state court has a valid lien on or claim to the property in question, he can and should assert it in the court of bankruptcy. And it will be the duty of the latter court to recognize and enforce it in an appropriate proceeding therefor; and, if the receiver have a just claim for his services while in custody of the property, he can present it, if he so desire, to the court of bankruptcy for adjustment, where the rights and interests of all the parties concerned in the estate can be properly protected.

It results that the District Court erred in denying the petition of the trustee. The petition for review is sustained, the appeal is dismissed, and the cause is remanded to the District Court with directions to set aside its said order, and to proceed further in the matter not inconsistent with this opinion. As there is but one transcript filed and record made in this court, the costs will be taxed against said A. A. Rollestone.