## McLOUGHLIN v. KNOP, Civil Sheriff, et al.

(District Court, E. D. Louisiana.  April 25, 1913.)

### No. 14662.

1. BANKRUPTCY (§ 211*)—JURISDICTION OF STATE COURTS—FORECLOSURE OF MORTGAGE.

A state court has no jurisdiction to foreclose a mortgage after bankruptcy has intervened, without leave of the bankruptcy court and making the trustee a party.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 321, 323; Dec. Dig. § 211.*]

2. BANKRUPTCY (§ 217*)—POWERS OF BANKRUPTCY COURT—ENJOINING STATE COURTS.

Under Bankr. Act July 1, 1898, c. 541, § 2, 30 Stat. 545 (U. S. Comp. St. 1901, p. 3420), stating the powers of courts of bankruptcy, and section 11 providing that a suit founded upon a claim from which a discharge would be a release, which is pending against a person at the time of the

filing of the petition against him, shall be stayed until after an adjudication or the dismissal of the petition, and, if such person is adjudged a bankrupt, may be further stayed until 12 months after the date of such adjudication, or until the question of discharge is determined, and Judicial Code (Act March 3, 1911, c. 231, § 265, 36 Stat. 1162 [U. S. Comp. St. Supp. 1911, p. 236]) providing that injunctions shall not be granted to stay proceedings in any state court except where authorized by any law relating to bankruptcy, the bankruptcy court may not only enjoin the officers of the state courts but may stay the proceedings of the courts themselves when necessary to enforce their jurisdiction to administer bankrupt estates.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 323, 330, 340; Dec. Dig. § 217.*]

**3.** BANKRUPTCY (§ 211*)—JURISDICTION OF STATE COURTS—FORECLOSURE OF MORTGAGE.

The state courts have concurrent jurisdiction to sell the property of a bankrupt for the purpose of foreclosing a mortgage, and, where their jurisdiction has attached prior to bankruptcy, it should not be disturbed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 321, 323; Dec. Dig. § 211.*]

**4.** BANKRUPTCY (§ 211*)—JURISDICTION OF STATE COURTS—FORECLOSURE OF MORTGAGE.

A state court acquired jurisdiction to foreclose a mortgage by the filing of the suit and the granting of an order for executory process before the filing of petitions in bankruptcy, though the land was not seized until after the filing of the petition, as executory process is an action in rem to enforce a pre-existing lien, and is in the nature of an equitable levy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 321, 323; Dec. Dig. § 211.*]

**5.** BANKRUPTCY (§ 217*)—JURISDICTION OF STATE COURTS—FORECLOSURE OF MORTGAGE.

Under Bankr. Act July 1, 1898, c. 541, § 70, subd. "e," 30 Stat. 566 (U. S. Comp. St. 1901, p. 3452), providing that the trustees may avoid any transfer which any creditor might have avoided and recover the property or its value, and that, for the purpose of such recovery, any court of bankruptcy and any state court which would have had jurisdiction if bankruptcy had not intervened shall have concurrent jurisdiction, where a state court had obtained the custody of land for the foreclosure of a mortgage before the intervention of bankruptcy, the trustee, who claimed that the bankrupt had placed the land in the name of a third person for the purpose of putting it beyond the reach of creditors, should obtain any protection by injunction or stay of proceedings to which he might be entitled in the state court, and a bill to recover such real estate and to enjoin the proceedings in the state court would be dismissed, though the trustee had intervened in the state court and his prayer for an injunction had been denied, as the state court, in a plenary suit, would doubtless give due consideration to his contentions.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 323, 330, 340; Dec. Dig. § 217.*]

In Equity. Bill by James J. McLoughlin, trustee, against Louis Knop, Civil Sheriff, and others. Bill dismissed, without prejudice.

John Dymond, Jr., of New Orleans, La., for complainant.
W. O. Hart, of New Orleans, La., for Civil Sheriff.
Benjamin Ory, of New Orleans, La., for Gaspar Pietri.

FOSTER, District Judge. In this matter the trustee of the bankrupt estate of James J. Woulfe filed his bill for the purpose of recov-

ering certain real estate listed on the bankrupt's schedules. The bill alleges that the said real estate had been previously placed by Woulfe in the name of a third person, John Wells, for the purpose of putting it beyond the reach of creditors; that Woulfe was adjudicated a bankrupt on February 27, 1913; that thereafter the civil sheriff of the parish of Orleans had seized the said property on March 1, 1913, under a writ issued by the civil district court of the parish of Orleans at the instance of Mrs. P. J. O'Reilly, in a proceeding to foreclose a mortgage via executiva; that the civil sheriff had again seized the said property on March 3, 1913, at the instance of Gaspar Pietri, in a similar proceeding in the same court; and that the trustee had applied to the state court for an injunction to restrain the civil sheriff and said plaintiffs, which had been denied.

On this showing, and on considering an affidavit of John Wells to the effect that he had no interest in the property and had not signed the mortgage notes, the civil sheriff and the parties plaintiff in the said two suits were cited to show cause why the said proceedings should not be stayed pending the determination of this suit, and in the meantime a restraining order issued. The rule to show cause came on for trial in due course, and it then developed that both suits in the state court were filed on February 24, 1913, and that the orders to issue executory process were signed and demands for payment were served on John Wells on the same day; that a petition for involuntary bankruptcy was filed against Woulfe on February 25, 1913, one day later. He was not adjudicated a bankrupt in the said proceedings, but on his own voluntary petition, on February 27, 1913, in proceedings filed that day.

[1, 2] On the facts as alleged by the bill, the restraining order properly issued, as the state court would have no jurisdiction to foreclose a mortgage after bankruptcy had intervened, without leave of this court and making the trustee a party, and it is well settled that, in matters pertaining to bankruptcy, the federal courts have the right and power to enjoin not only the officers of the state courts but to stay the proceedings of the courts themselves when necessary to enforce their jurisdiction to administer bankrupt estates. Bankruptcy Act of 1898, §§ 2 and 11; section 265, Judicial Code; In re Hicox, 164 Fed. 823, 90 C. C. A. 627; Hooks v. Aldridge, 145 Fed. 865, 76 C. C. A. 409; In re Watts, 190 U. S. 30, 23 Sup. Ct. 718, 47 L. Ed. 933.

[3] The state courts, however, have concurrent jurisdiction to sell the property of a bankrupt for the purpose of foreclosing a mortgage. See In re Zehner (D. C.) 193 Fed. 789. And, where their jurisdiction has attached prior to bankruptcy, it should not be disturbed.

[4] It is contended by the trustee that the civil district court did not obtain jurisdiction over the property until the seizures were actually made. With this I cannot agree. In Freedman's Savings & Trust Co. v. Earle, 110 U. S. 717, 4 Sup. Ct. 226, 28 L. Ed. 301, the Supreme Court said: "The filing of the bill, in cases of equitable execution, is the beginning of executing it." This so fairly states the law that it is unnecessary to cite other authority, of which there is an abundance. Executory process is an action in rem to enforce a pre-existing lien. It is in the nature of an equitable levy, and in my opinion the state

court obtained jurisdiction of the real estate when the petition was filed and the order for executory process was granted.

[5] With regard to the bill filed by the trustee, the state courts have concurrent jurisdiction under the express provisions of paragraph 70, subd. "e," of the bankruptcy act, and, in view of the fact that the state court had properly obtained the custody of the res before the intervention of bankruptcy, comity and a due regard for the orderly administration of justice require that that court should retain jurisdiction and that all questions pertaining to the said property be submitted to it for final determination. I am not unmindful of the fact that the trustee intervened in the executory proceedings, and his prayer was denied, but in a plenary suit filed in the same court, setting forth clearly the various facts upon which he bases his cause of action, I have no doubt the state court will give due consideration to his contentions, affording him any ancillary protection, by injunction or stay of proceedings, to which he may be entitled, and will ultimately decide all questions properly according to the law and evidence of the case.

The order herein issued is recalled, and the bill is dismissed, without prejudice to the rights of the trustee, and with special leave to renew his suit on the same, or any other, cause of action in the state court.